UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(Newark Vicinage)

CORNELL PENDERGRASS and
MINISIAH GBOR,

        Plaintiffs,

v.

NEWARK CITY POLICE OFFICERS
MICHAEL WALKER and LARRY
BROWN personally and/or in their official
capacity; ANTHONY AMBROSE, III, the
NEWARK DIRECTOR OF POLICE,
personally and/or in his official capacity;
IRVING F. BRADLEY, JR., the
NEWARK CHIEF OF POLICE, personally
and/or in his official capacity; the CITY
OF NEWARK, NEW JERSEY; JOHN
DOE 1, security officer; and JOHN DOE 2,
an incorporated or unincorporated entity
employing JOHN DOE 2; and GARDEN
SPIRES APARTMENTS, INC.,

        Defendants.

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

## INTRODUCTION

1.  This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of New Jersey, against Michael Walker and Larry Brown, police officers of the City of Newark in their personal and official capacities; and against the Newark Chief and Director of Police in his/her personal and official capacity; against the City of Newark; and against Garden Spires Apartments, Inc., and its private security agent, servant or employee. The Newark Police Department has its principal address at 31 Green Street, Newark, New Jersey and the City of

Newark, acting as a municipal corporation, has its principal business address at 920 Broad Street, Newark, New Jersey. "Garden Spires" does business at/or about 175-195 First Street, Newark, New Jersey.

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

3. The individual police officer defendants made an unreasonable seizure of the persons of Cornell Pendergrass and Minisiah Gbor, and assaulted and battered and inflicted emotional distress upon both Cornell Pendergrass and Minisiah Gbor by using excessive force to cause a seizure of their persons. Said police officers also caused criminal charges to be filed against plaintiff Minisiah Gbor without basis in law and fact, i.e., without legal basis or justification and without probable cause, all of which violated their rights under the Fourth and Fourteenth Amendments to the United States Constitution and state law.

## PARTIES

4. Cornell Pendergrass was at all relevant times a resident of the City of Newark, New Jersey, and of full age; Minisiah Gbor was at all relevant times a resident of the City of Newark, New Jersey, and of full age.

5. Defendant Officers Walker and Brown were at all times relevant to this complaint duly appointed and acting officers of the Newark Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New Jersey and/or the City of Newark; and at all relevant times, defendant officers were acting in the course of and within the scope of their employment.

6. Director Anthony Ambrose, III and the Chief of the Newark Police Department, Irving F. Bradley, Jr., were at the time and at all relevant times the direct supervisors of said

Newark police officers.  At all relevant times, they were acting under color of law.

7.  The City of Newark is a municipal corporation and the public employer of said Newark police officers, and is a "person" within the meaning of 42 U.S.C. § 1983.

8.  John Doe 1 Security Officer is a person who provides private security service at the Garden Spires Apartments, Inc., 175 First Street, Newark, New Jersey, in the employ of John Doe 2 Security Company; John Doe 1 was present during the events of June 13, 2006 described herein.

9.  Defendant Garden Spires Apartments is, upon information or belief, a corporation or other entity that owns and operates the premises upon which the cause of action arose, and which utilizes the services of John Doe 2 Security Company.

## FACTS

10. On or about June 13, 2006, at approximately 11:00 pm, Cornell Pendergrass was outside of the Garden Spires apartment complex at 175 First Street in Newark, New Jersey.

11. Cornell Pendergrass began to observe an altercation between four females, one of whom was his sister.

12. Newark Police Officers Michael Walker and Larry Brown arrived at the scene of the altercation as they were patrolling the apartment complex.

13. As Cornell Pendergrass was attending to his sister, Newark Police Officer Michael Walker without justification or legal authority pushed Cornell Pendergrass in the chest causing him to stumble.

14.  Officer Larry Brown was standing next to Officer Michael Walker.

15. As Cornell Pendergrass stumbled, Newark Police Officer Michael Walker stepped forward and punched Cornell Pendergrass in the face with such force as to knock him to the ground. The force of the punch also knocked Cornell Pendergrass' sister to the ground.

16.   When Cornell Pendergrass struggled to stand up again, Michael Walker stepped towards Cornell Pendergrass again and punched him in the face a second time.

17. Cornell Pendergrass turned to Larry Brown who was standing next to him, and pleaded for his assistance and protection. Although Larry Brown had a duty to protect Cornell Pendergrass and a duty not to acquiesce in or permit or otherwise be compliant in the wrongful conduct of Walker, Brown did nothing to protect Cornell Pendergrass and was in position to do so; Larry Brown did absolutely nothing to aid Cornell Pendergrass; Brown's presence and inaction facilitated the egregious police misconduct of Walker.

18. After assaulting and battering Cornell Pendergrass, Michael Walker took off his T-shirt revealing a white muscle T-shirt underneath. Thereafter, Michael Walker flexed his muscles and made several taunting gestures and inappropriate comments towards Cornell Pendergrass including but not limited to the following comment, "What's up now faggot."

19. In fear, Cornell Pendergrass retreated to the back end of the apartment complex. Cornell Pendergrass then observed Michael Walker and Larry Brown beating up two other black males who arrived at the scene.

20. Immediately after the incident, Cornell Pendergrass went to University Hospital in Newark. He received medication and was told that he had suffered a fractured jaw. Cornell Pendergrass was in great pain, had a swollen jaw, was spitting blood, and could not eat for several weeks. His jaw was wired shut. Cornell Pendergrass could not sleep after the assault and battery and does not feel safe.

21. Shortly afterwards, Cornell Pendergrass filed a report with the Internal Affairs Office for the Newark Police Department. After the IA report was filed, Cornell Pendergrass' friend received a phone call from an unknown source who asked who the person was who filed the IA report and advised that "we will be looking for him."

22. In fear of retaliation, Cornell Pendergrass began staying with his father who lived at a different address.

23.    On or about August 30, 2006, Michael Walker approached Cornell Pendergrass outside of the Garden Spires apartment complex and offered him money to forget about everything that had happened.

24.    On August 31, 2006, Cornell Pendergrass filed a Notice of Claim pursuant to the New Jersey Tort Claims Act with the City of Newark and the Newark Police Department.

25. At no time during the events described above, was plaintiff Cornell Pendergrass intoxicated, incapacitated, nor was he violating any law or refusing to obey a legal authority, nor did he constitute a threat to the safety of himself or others.

26.    Cornell Pendergrass did not commit any disorderly or criminal offense and was not charged with committing any such offense.

27.    The Newark Police Officers Michael Walker and Larry Brown had no warrant for the seizure of Cornell Pendergrass, no legal cause or reason to seize the person of the plaintiff and no legal cause or reason to use excessive force against the person of Cornell Pendergrass.

28. At all times during the events described above, the Defendant Police Officers were engaged in a joint venture and conspired to deprive Cornell Pendergrass of his constitutional rights. The individual officers directly created a dangerous situation and they assisted each other in performing the various actions described above and lent their physical presence and support and authority of their office to each other during the assault and battery and subsequent events.

29. As a direct and proximate result of said acts of the Defendant Newark Police Officers, the plaintiff Cornell Pendergrass suffered the following injuries and damages:

        a.      Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the

unreasonable search and seizure of his person, and to be free from the use of unreasonable and excessive force;

b.    Loss of physical liberty

c.    Physical pain and suffering requiring the expenditure of money and treatment.

d.    Emotional trauma and suffering,

e.    Pain and suffering reasonably likely to occur in the future

f.    Mental anguish

g.    Humiliation and embarrassment

h.    Loss of Sleep

i.    Medical expenses

j.    "Phantom" pain, and other subjective pain not readily apparent to a lay person.

30. The actions of the Defendant Newark Police Officers violated the following clearly established and well settled federal constitutional rights of plaintiff Cornell Pendergrass:          a. Freedom from the unreasonable seizure of his person;

b.  Freedom from the use of excessive, unreasonable, arbitrary, and unjustified force against his person.


31. On the same date and at the same place, Officers Walker and Brown physically assaulted one or more additional black males, including one Dumbayor Gbor.  The officers dragged one or more such males into a "security booth" nearby the location where Defendant Walker assaulted Plaintiff Pendergrass.

32. At that time, plaintiff Minisiah Gbor, the sister of Dumbayah Gbor, approached the

security booth to observe, witness, and then with a cell phone camera to record this physical

mistreatment by the police toward the young African-American males. When defendants observed

Ms. Gbor photographing them, they grabbed Ms. Gbor and her camera phone, struck and assaulted

Ms. Gbor repeatedly, dragged her into the security booth, and caused her injury. Ms. Gbor had not

engaged in any wrongful or illegal conduct.

33. Defendants Walker and Brown caused the arrest and the lodging of criminal charges

against Plaintiff Gbor, without basis in law or fact, and without probable cause.

34. Defendant John Doe 1 Security Officer was present for this assault on Ms. Gbor and

aided and abetted it.

35. All criminal charges against Plaintiff Minisiah Gbor were dismissed.

36. As a direct and proximate result of said acts of the Defendant Newark Police Officers,

the plaintiff Minisiah Gbor suffered the following injuries and damages:

- a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the unreasonable search and seizure of her person;

- b. Loss of physical liberty

- c. Physical pain and suffering requiring the expenditure of money and treatment.

- d. Emotional trauma and suffering,

- e. Pain and suffering reasonably likely to occur in the future

- f. Mental anguish

- g. Humiliation and embarrassment

- h. Loss of Sleep

- i. Medical expenses

j.     "Phantom" pain, and other subjective pain not readily apparent to a lay

person.

k.     Damage to/loss of her cell phone.

37. The actions of the Defendant Newark Police Officers violated the following clearly

established and well settled federal constitutional rights of plaintiff Minisiah Gbor:                a.

Freedom from the unreasonable seizure of her person;

b.   Freedom from the use of excessive, unreasonable, arbitrary, and unjustified force

against her person.

## FEDERAL CLAIMS

### COUNT I
### Violation of 42 U.S.C. § 1983 Against Individual Defendants
### Walker and Brown for Unreasonable and Excessive Force

38.   Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth

herein.

39. Plaintiff Cornell Pendergrass claims damages for the injuries set forth above under 42

U.S.C. § 1983 against Defendants Newark Police Officers Michael Walker and Larry Brown for

violation of his constitutional rights under color of law for their use of unreasonable and excessive

force when they assaulted and battered Cornell Pendergrass proximately causing a seizure of his

person in direct violation of the well established principles set forth by the United States Supreme

Court.

40. As a result of the seizure and excessive force, plaintiff Cornell Pendergrass suffered

damages as aforesaid.

**WHEREFORE**, the plaintiff, Cornell Pendergrass, requests this Court:

a.     Award compensatory damages to plaintiff against the defendants, jointly and

severally;

b.      Award punitive damages in such an amount to as the jury may determine is sufficient

to punish the defendants for and deter others from committing the constitutional

violations alleged herein.

c.      Award reasonable attorney fees, costs, and expenses to plaintiffs pursuant to 42

U.S.C.A. § 1988 and other federal and state laws and

d.      Award such other and further relief as this Court may deem just and proper.

**COUNT II**
**Violation of 42 U.S.C. § 1983 Against Individual Defendants**
**Walker and Brown for Unreasonable and Excessive Force**

41.   Paragraphs 1 through 40 are incorporated herein by reference as though fully set forth

herein.

42. Plaintiff Minisiah Gbor claims damages for the injuries set forth above under 42 U.S.C.

§ 1983 against Defendants Newark Police Officers Michael Walker and Larry Brown for violation

of her constitutional rights under color of law for their use of unreasonable and excessive force

when they assaulted and battered Minisiah Gbor proximately causing a seizure of her person in

direct violation of the well established legal principles set forth by the United States Supreme Court.

43. As a result of the seizure and excessive force, plaintiff Minisiah Gbor suffered damages

as aforesaid.

**WHEREFORE**, the plaintiff, Cornell Pendergrass, requests this Court:

a.      Award compensatory damages to plaintiff against the defendants, jointly and

severally;

b.      Award punitive damages in such an amount to as the jury may determine is sufficient

to punish the defendants for and deter others from committing the constitutional

violations alleged herein.

c.      Award reasonable attorney fees, costs, and expenses to plaintiffs pursuant to 42

U.S.C.A. § 1988 and other federal and state laws and

d.      Award such other and further relief as this Court may deem just and proper.

**COUNT III**
**Violation of 42 U.S.C. § 1983 Against Individual Defendants**
**Walker and Brown for Failure to Protect After State Created Danger**

44. Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth

herein.

45. Plaintiff Cornell Pendergrass claims damages for the injuries set forth above under 42

U.S.C. § 1983 against Defendant Newark Police Officers Michael Walker and Larry Brown for

violation of his constitutional rights under color of law when said defendants, as state actors, created

a dangerous situation which enhanced the risk of harm to Cornell Pendergrass and thereafter failed

to protect him thereby proximately causing Cornell Pendergrass to be deprived of his constitutional

rights in clear violation of established legal principles.

46. As a result of the state created danger, plaintiff Cornell Pendergrass suffered damages as

aforesaid.

**WHEREFORE**, the plaintiff, Cornell Pendergrass, requests this Court:

a.      Award compensatory damages to plaintiff against the defendants, jointly and

severally;

b.      Award punitive damages in such an amount to as the jury may determine is sufficient

to punish the defendants for and deter others from committing the constitutional

violations alleged herein.

c.      Award reasonable attorney fees, costs, and expenses to plaintiffs pursuant to 42

U.S.C.A. § 1988 and other federal and state laws and

d.      Award such other and further relief as this Court may deem just and proper.

## COUNT IV
### Violation of 42 U.S.C. § 1983 Against Individual Defendants Walker and Brown for Failure to Protect After State Created Danger

47.   Paragraphs 1 through 46 are incorporated herein by reference as though fully set forth herein.

48.   Plaintiff Minisiah Gbor claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Newark Police Officers Michael Walker and Larry Brown for violation of her constitutional rights under color of law when said defendants, as state actors, created a dangerous situation which enhanced the risk of harm to Ms. Gbor and therefore failed to protect her, thereby proximately causing Minisiah Gbor to be deprived of her constitutional rights in clear violation of established legal principles.

49.   As a result of the state created danger and injury, plaintiff Minisiah Gbor suffered damages as aforesaid.

**WHEREFORE**, the plaintiff, Minisiah Gbor, requests this Court:

a.      Award compensatory damages to plaintiff against the defendants, jointly and severally;

b.      Award punitive damages in such an amount to as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.      Award reasonable attorney fees, costs, and expenses to plaintiffs pursuant to 42 U.S.C.A. § 1988 and other federal and state laws and

d.      Award such other and further relief as this Court may deem just and proper.

**COUNT V**
**Violation of 42 U.S.C. § 1983 Against Individual Defendants**
**Walker and Brown for Failure to Intervene to Protect**
**Cornell Pendergrass from the Excessive Force of Another**

50.   Paragraphs 1 through 49 are incorporated herein by reference as though fully set forth herein.

51. Plaintiff Cornell Pendergrass claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Newark Police Officers Michael Walker and Larry Brown for violation of his constitutional rights under color of law when said Defendant, Larry Brown, failed to take reasonable steps to protect Cornell Pendergrass from the excessive force employed by Newark Police Officer Michael Walker when Larry Brown had a reasonable and realistic opportunity to intervene on behalf of the victim Cornell Pendergrass in clear violation of established legal principles.

52.   As a result of the failure to intervene, plaintiffs Cornell Pendergrass suffered damages as aforesaid.

   **WHEREFORE**, the plaintiff, Cornell Pendergrass, requests this Court:

a.      Award compensatory damages to plaintiff against the defendants, jointly and severally;

b.      Award punitive damages in such an amount to as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.      Award reasonable attorney fees, costs, and expenses to plaintiffs pursuant to 42 U.S.C.A. § 1988 and other federal and state laws and

d.      Award such other and further relief as this Court may deem just and proper.

**COUNT VI**
**Violation of 42 U.S.C. § 1983 Against Individual Defendants**
**Walker and Brown for Failure to Intervene to Protect**
**Minisiah Gbor from the Excessive Force of Another**

53. Paragraphs 1 through 52 are incorporated herein by reference as though fully set forth herein.

54. Plaintiff Minisiah Gbor claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Newark Police Officers Michael Walker and Larry Brown for violation of her constitutional rights under color of law when said defendant, Larry Brown, failed to take reasonable steps to protect Minisiah Gbor from the excessive force employed by Newark Police Officer Michael Walker when Larry Brown had a reasonable and realistic opportunity to intervene on behalf of the victim Minisiah Gbor in clear violation of established legal principles.

55. As a result of the failure to intervene, plaintiff Minisiah Gbor suffered damages as aforesaid.

**WHEREFORE**, the plaintiff, Minisiah Gbor, requests this Court:

a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

b. Award punitive damages in such an amount to as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c. Award reasonable attorney fees, costs, and expenses to plaintiffs pursuant to 42 U.S.C.A. § 1988 and other federal and state laws and

d. Award such other and further relief as this Court may deem just and proper.

## COUNT VII
### Conspiracy to Violate Civil Rights (§ 1983)
### Against Individual Defendants Walker and Brown

56. Paragraphs 1 through 55 are incorporated herein by reference as though fully set forth.

57. Defendants Newark Police Officers Michael Walker and Larry Brown engaged in a joint venture, conspired together, and had an agreement, to act in concert to commit the unlawful acts described herein for the purpose of inflicting a constitutional injury and/or wrong against Cornell Pendergrass and did in fact commit an overt act proximately causing Cornell Pendergrass to suffer damages.

58. Specifically, Newark Police Officer Larry Brown agreed to assist and in fact assisted Newark Police Officer Michael Walker in directly committing the constitutional injuries discussed herein as Larry Brown lent his presence to Michael Walker to aid him in achieving their shared conspiratorial objectives to deprive Cornell Pendergrass of his constitutional rights by his unreasonable seizure resulting from the excessive and arbitrary use of force.

59. As a result of the conspiracy, plaintiffs Cornell Pendergrass suffered damages as aforesaid.

**WHEREFORE**, the plaintiff, Cornell Pendergrass, requests this Court:

a.     Award compensatory damages to plaintiff against the defendants, jointly and severally;

b.     Award punitive damages in such an amount to as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.     Award reasonable attorney fees, costs, and expenses to plaintiffs pursuant to 42 U.S.C.A. § 1988 and other federal and state laws and

d.     Award such other and further relief as this Court may deem just and proper.

**COUNT VIII**
**Conspiracy to Violate Civil Rights (§ 1983)**
**Against Individual Defendants Walker and Brown**
**And John Doe 1, Security Guard**

60. Paragraphs 1 through 59 are incorporated herein by reference as though fully set forth.

61. Defendant Newark Police Officers Michael Walker and Larry Brown and John Doe 1, Security Guard, engaged in a joint venture, conspired together, and had an agreement, to act in concert to commit the unlawful acts described herein for the purpose of inflicting a constitutional injury and/or wrong against Minisiah Gbor and did in fact commit an overt act proximately causing Minisiah Gbor to suffer damages.

62. Specifically, Newark Police Officer Larry Brown agreed to assist and in fact assisted Newark Police Officer Michael Walker in directly committing the constitutional injuries discussed herein as Larry Brown lent his presence to Michael Walker to aid him in achieving their shared conspiratorial objectives to deprive Minisiah Gbor of her constitutional rights by his unreasonable seizure resulting from the excessive and arbitrary use of force.

63. Defendant John Doe 1 facilitated and aided and abetted in the misconduct of Walker and Brown, and thereby contributed to the injury inflicted upon plaintiff.

64. As a result of the conspiracy, plaintiff Minisiah Gbor suffered damages as aforesaid.

**WHEREFORE**, the plaintiff, Minisiah Gbor, requests this Court:

a.      Award of compensatory damages to plaintiff against the defendants, jointly and severally;

b.      Award punitive damages in such an amount to as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.      Award reasonable attorney fees, costs, and expenses to plaintiffs pursuant to 42

U.S.C.A. § 1988 and other federal and state laws and

d.　　Award such other and further relief as this Court may deem just and proper.

**COUNT IX**
**42 U.S.C. § 1983 Claim Against the**
**Newark Police Director and Chief**

65. All the aforesaid facts are incorporated herein by reference as though fully set forth.

66. Prior to the date of this incident June 13, 2006, the Newark Police Director and Chief developed and maintained policies and/or regulations and/or customs and/or practices exhibiting actual knowledge and acquiescence and/or deliberate indifference to the deprivation of constitutional rights of persons in the City of Newark which were the moving force and proximate cause of the violation of the constitutional rights of Cornell Pendergrass and Minisiah Gbor.

67.　It was policies and/or regulations and/or customs and/or practices of the Newark Police Director and Chief to inadequately train and/or educate and/or implement training and response programs with respect to its police officers, including the defendant officers; including but not limited to its failure to train its officers to respond and handle effectively situations of police misconduct and brutality that may occur to insure that a constitutional wrong is not committed, thereby failing to adequately discourage constitutional violations on the part of its police officers.

68.　It was the policies and/or regulations and/or customs and/or practices of the Newark Police Director and Chief to inadequately control and/or supervise and/or discipline and/or retain and/or assign its subordinates, including defendant police officers, without a history and with a history and/or pattern of past misbehavior.

69. It was the policy and/or custom and/or practice of the Newark Police Director and Chief to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the Newark Police Department and City of Newark.

-16-

70. It was the policy and/or custom and/or practice of the Newark Police Director and Chief to engage in deficient hiring practices which included the defendant officers, thereby failing to adequately insure that constitutional violations on the part of its police officers would not occur.

71. It was the policies and/or regulations and/or customs and/or practices of the Newark Police Director and Chief to inadequately address and/or rectify and/or correct unconstitutional practices or conditions caused by the Newark Police Department and its subordinates, including the defendant police officers.  Such policies included an ineffective and biased Internal Affairs procedure.

72. It was the policies and/or regulations and/or customs and/or practices of the Newark Police Director and Chief to implement internal review and investigation procedures which are designed to cover up acts of misconduct and are inadequate to inform supervisors of the wrongdoings of subordinates and alternatively, if adequate internal review procedures existed, the Newark Police Director and Chief failed to appropriately discipline the subjects of said investigations.

73.  As a result of the above described policies and/or customs and/or practices, police officers of the City of Newark, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

74. The above described policies and/or regulations and/or customs and/or practices of the Newark Police Department were done with the actual knowledge and acquiescence of the Newark Police Director and Chief to the deprivation of the constitutional rights of persons within the City of Newark, and were the moving force and proximate cause of the violation of the constitutional rights of Cornell Pendergrass and Minisiah Gbor alleged herein.

75. As a result of the actions and/or inactions of the Newark Police Director and Chief,

-17-

plaintiffs Cornell Pendergrass and Minisiah Gbor suffered damages as aforesaid.  **WHEREFORE**, the plaintiffs, Cornell Pendergrass and Minisiah Gbor, request this Court:

a.   Award compensatory damages to plaintiff against the defendants, jointly and severally;

b.   Award punitive damages in such an amount to as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.   Award reasonable attorney fees, costs, and expenses to plaintiffs pursuant to 42 U.S.C.A. § 1988 and other federal and state laws and

d.   Award such other and further relief as this Court may deem just and proper.

**COUNT X**
**42 U.S.C. § 1983 Claim Against the City of Newark**

76. Paragraphs 1 through 75 are incorporated herein by reference as though fully set forth.

77. Prior to the date of this incident, the City of Newark developed and maintained policies and/or regulations and/or customs and/or practices exhibiting deliberate indifference to the constitutional rights of persons in Newark, New Jersey which proximately caused the violation of the constitutional rights of Cornell Pendergrass and Minisiah Gbor.

78. It was the policy and/or custom and/or practice of the City of Newark acting through the Chief of Police and Director of Police to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Newark.

79. It was the policy and/or custom and/or practice of the City of Newark to engage in deficient hiring practices which included the defendant officers, thereby failing to adequately insure that constitutional violations on the part of its police officers would not occur.

80. It was the policy and/or custom and/or practice of the City of Newark to inadequately

-18-

train and/or educate and/or implement training and response programs with respect to its police officers, including the defendant officers; including but not limited to its failure to train its officers to respond and handle effectively situations of police misconduct and brutality that may occur to insure that a constitutional wrong is not committed, thereby failing to adequately discourage constitutional violations on the part of its police officers.

81.  It was the policy and/or custom and/or practice of the City of Newark to inadequately control and/or supervise and/or discipline and/or retain and/or assign its subordinates, including defendant police officers, without a history and with a history and/or pattern of past misbehavior.

82. It was the policy and/or custom and/or practice of the City of Newark to inadequately address and/or rectify and/or correct unconstitutional practices or conditions caused by the Newark Police Department and its subordinates, including the defendant police officers.

83. It was the policy and/or custom and/or practice of the City of Newark to implement internal review and investigation procedures which are designed to cover up acts of misconduct and/or are ineffective and inadequate to inform supervisors of the wrongdoings of subordinates and alternatively, if adequate internal review procedures existed, the City of Newark failed to appropriately discipline the subjects of said investigations.

84.  As a result of the above described policies and/or customs and/or practices, police officers of the City of Newark, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

85.  The above described policies and/or customs and/or practices demonstrated a deliberate indifference on the part of policymakers of the City of Newark to the constitutional rights of persons with the City, and were the moving force and proximate cause of the deprivation of the constitutional rights of Cornell Pendergrass and Minisiah Gbor as alleged herein.

86. As a result of the actions and/or inactions of the City of Newark, plaintiffs Cornell Pendergrass and Minisiah Gbor suffered damages as aforesaid.

**WHEREFORE**, the plaintiffs, Cornell Pendergrass and Minisiah Gbor, request this Court:

a.  Award compensatory damages to plaintiff against the defendants, jointly and severally;

b.  Award punitive damages in such an amount to as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.  Award reasonable attorney fees, costs, and expenses to plaintiffs pursuant to 42 U.S.C.A. § 1988 and other federal and state laws and

d.  Award such other and further relief as this Court may deem just and proper.

### STATE LAW CLAIMS

### COUNT XI
### Claim for Violation of Civil Right
### Under N.J.S.A. 10:6-2 Against All Defendants

87. Paragraphs 1 through 86 are incorporated herein by reference as though fully set forth.

88. The above acts constitute violations of both federal and state constitutional rights and rights secured by the laws of the State of New Jersey and N.J.S.A. 10:6-2.

89. All defendants, including security guards for the apartment complex were at the time of the assaults acting under the color of state law.

**WHEREFORE**, the plaintiffs, Cornell Pendergrass and Minisiah Gbor, request this Court:

a.  Award of compensatory damages to plaintiff against the defendants, jointly and severally;

b.     Award punitive damages in such an amount to as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.     Award reasonable attorney fees, costs, and expenses to plaintiffs pursuant to 42 U.S.C.A. § 1988 and other federal and state laws and

d.     Award such other and further relief as this Court may deem just and proper.

## COUNT XII
## Assault and Battery Claim

90. Paragraphs 1 through 89 are incorporated herein by reference as though fully set forth.

91. Defendant Newark Police Officers Michael Walker and Larry Brown, while acting within the scope of his employment, willfully committed a criminal and malicious act by assaulting and battering Cornell Pendergrass by punching him in the face twice and making malicious gestures towards him.

92. All of the defendants, by virtue of the principles of individual culpability and/or vicarious or *respondeat superior* liability, are responsible for the injuries so inflicted.

93. As a result of the assault and battery, plaintiff Cornell Pendergrass suffered damages as aforesaid.

**WHEREFORE**, the plaintiffs, Cornell Pendergrass and Minisiah Gbor, request this Court:

a.     Award of compensatory damages to plaintiff against the defendants, jointly and severally;

b.     Award punitive damages in such an amount to as the jury may determine is sufficient to punish the defendants for and deter others from committing the torts violations alleged herein.

## COUNT XIII
## Assault and Battery Claim Against Defendants
## John Doe 1, John Doe 2 and Garden Spires Apartments, Inc.

94. Paragraphs 1 through 93 are incorporated herein by reference as though fully set forth.

95. Defendant John Doe 1 aided and abetted Walker and Brown in assaulting Minisiah Gbor, proximately causing her injury.

96. Defendant John Doe 2 Security Company and/or Garden Spires Apartment Inc. was the employer of John Doe 1, and as such, is liable for his tortious and wrongful conduct taken within the scope of his employment, including the intentional, reckless or negligent aiding and abetting of the misconduct of Walker and Brown.

97. All of the defendants, by virtue of the principles of individual culpability and/or vicarious or *respondeat superior* liability, are responsible for the injuries so inflicted.

**WHEREFORE**, the plaintiffs, Cornell Pendergrass and Minisiah Gbor, request this Court:

a.      Award of compensatory damages to plaintiff against the defendants, jointly and severally;

b.      Award punitive damages in such an amount to as the jury may determine is sufficient to punish the defendants for and deter others from committing the torts alleged herein.

Attorneys for Plaintiffs Cornell Pendergrass and Minisiah Gbor

Dated: June 12 2008

Justin T. Loughry, Esquire
Loughry and Lindsay, LLC
330 Market Street
Camden, New Jersey 08102

Karam Nahas, Esquire
17 Academy
Newark, New Jersey 07102

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiffs) make demand for jury trial for the all the issues pled in the complaint so triable.

Attorneys for Plaintiffs Cornell Pendergrass and
Minisiah Gbor

Dated: _June 12, 2008_

Justin L. Loughry, Esquire
Loughry and Lindsay, LLC
330 Market Street
Camden, New Jersey  08102

Karam Nahas, Esquire
17 Academy
Newark, New Jersey  07102